*503 OPINION.
Trammell :
The question presented in this appeal is whether the gain derived by the taxpayer from the sale of the two farms referred to in the findings of fact should be included in gross income for 1917 or 1918. From the findings of fact it is clear that the Ever-son farm was sold and the entire consideration therefor was received before the close of the calendar year 1917.
When the verbal agreement was entered into with respect to the sale of the Fleming farm, the taxpayer did not own it. Hof%old and transferred, however, all the right, title, and interest he had in this farm, which was the right to acquire it for the agreed consideration of $25,542. He received the entire consideration for the interest which he sold in 1917. When the Standard Brick Co. turned over to him in 1918 the amount of money which was required to pay the purchase price stipulated in the option he had no interest of any kind in the land. He acted merely as agent for the Standard Brick Co. in paying over the money for it and was merely a conduit through which the legal title passed.
*504 While the Commissioner in adjusting the tax liability of the taxpayer treated the stock and bonds in excess of the amount thereof which was sold during 1917 as worthless, the Board finds no evidence of the worthlessness thereof at that time. On the other hand, it appears that the taxpayer sold a portion of the said stock and bonds for cash to persons dealing at arms’ length with him during December, 1917. The Standard Brick Co. also sold a portion of its stock for cash at par. The fair market value of stocks and bonds is what willing purchasers pay to willing sellers on the open market even though the assets of the corporation do not reflect such values.
It is the opinion of the Board that the entire gain arising from the sale of the two farms in question was received in 1917.